UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVEN JONES,

        Plaintiff,                                          CIV S-06-0564 MCE PAN PS

    v.

STEPHEN LIPWORTH,                                   ORDER

        Defendant.

        Plaintiff is proceeding in this action pro se and requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This case was referred to this court by E. D. Cal. L. R. 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security thereof. Plaintiff states that he has no regular employment but earns approximately $200.00 per month from temporary jobs; that he has no other sources of income, no assets, savings, or bank accounts; and that he has no dependents. Accordingly, Plaintiff's affidavit demonstrates he is unable to prepay fees and costs or give security thereof. Accordingly, plaintiff's March 17, 2006 application to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

1

1    A federal court must dismiss the complaint of a plaintiff proceeding in forma
2 pauperis if at any time the court determines the action is frivolous, malicious, fails to state a
3 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
4 immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii).  In addition, the complaint
5 must demonstrate the court's jurisdiction and comply with general rules of pleading as set forth
6 in Fed. R. Civ. P. 8(a).  The complaint must give fair notice to defendants by stating the elements
7 of each claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649
8 (9th Cir. 1984).  Plaintiff must allege specific overt acts by the appropriate defendants in each
9 claim.  <u>Id.</u>   While the court liberally construes the pleadings of pro se litigants, <u>Abassi v. I.N.S.</u>,
10 305 F.3d 1028, 1032 (9th Cir. 2022), all litigants are expected to comply with the procedural
11 rules, <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993), <u>American Ass'n of Naturopathic</u>
12 <u>Physicians v. Hayhurst</u>, 227 F.3d 11104, 1007-1008 (9th Cir. 2000).

13    A complaint, or portion thereof, should only be dismissed for failure to state a
14 claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or
15 claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)
16 (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners</u>
17 <u>Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the
18 court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex</u>
19 <u>Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
20 plaintiff, and resolve all doubts in plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421
21 (1969).

22    Plaintiff's civil cover sheet asserts federal question jurisdiction over plaintiff's
23 claims his civil rights were violated by his termination of employment and nonpayment of wages.
24 The complaint alleges defendant, a Sacramento resident and hotel owner, terminated plaintiff
25 December 2005 from his employment as an internet researcher when plaintiff informed
26 defendant his request to research child pornography for the benefit of defendant's clients was

1  illegal. Plaintiff seeks $1,500,000.00 damages for, inter alia, loss of "wages, salary, benefits"
2  and "employment-related opportunities," injuries of "humiliation, mental anguish, and emotional
3  and physical distress," and for interests and costs. Plaintiff lists a Chicago, Illinois address on his
4  complaint.

5  Plaintiff has not established this court's subject matter jurisdiction. The
6  complaint cites no legal authority. While Title VII of the Civil Rights Act of 1964 applies to
7  private employers, 42 U.S.C. § 2000e-5(a), it is limited to acts of discrimination based on "race,
8  color, religion, sex, or national origin," 42 U.S.C. §§ 2000e-2 and 2000e-3. Plaintiff alleges no
9  facts to support a Title VII action. It is possible this matter could proceed as an action in
10 contract, based upon diversity jurisdiction, but this is not apparent from the present complaint.

11 As plaintiff has failed to demonstrate this court's jurisdiction, his complaint must
12 be dismissed. Plaintiff is granted leave to file an amended complaint within thirty (30) days of
13 service of this order. The amended complaint will supersede the original complaint and may not
14 refer to or incorporate the prior pleading. E. D. Cal. L. R. 15-220; Loux v. Rhay, 375 F.2d 55, 57
15 (9th Cir. 1967). The amended complaint must fully set forth the grounds upon which the court's
16 jurisdiction depends, plaintiff's factual allegations, and a complete statement of each legal claim.

17 Accordingly, IT IS HEREBY ORDERED that:
18 1. Plaintiff's March 17, 2006 application to proceed in forma pauperis is granted;
19 2. Plaintiff's complaint filed March 17, 2006 is dismissed; and
20 3. Plaintiff is granted thirty days from the date of service of this order to file an
21 amended complaint that complies with the requirements of the local rules and Federal Rules of
22 Civil Procedure; the amended complaint must bear the docket number assigned this case and
23 must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the
24 /////
25 /////
26 /////

1 amended complaint; failure to file an amended complaint in accordance with this order will result
2 in a recommendation this action be dismissed.
3 DATED: April 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006:lipw0564.ord

4