1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10   STEVEN JONES,

11            Plaintiff,              CIV S-06-0564 MCE PAN (GGH) PS

12       v.

13   STEPHEN LIPWORTH,                        ORDER

14            Defendant.
     _____/
15

16       On April 7, 2006, this court granted plaintiff's application to proceed in forma

17   pauperis and dismissed plaintiff's complaint with leave to file, within thirty days, an amended

18   complaint establishing this court's subject matter jurisdiction.

19       On May 8, 2006, plaintiff timely filed a First Amended Complaint alleging that in

20   December 2005 defendant, a Sacramento resident and hotel owner, terminated plaintiff from his

21   employment as an internet researcher when plaintiff informed defendant the latter's request to

22   research child pornography for the benefit of defendant's clients was illegal.  The amended

23   complaint characterizes the parties' agreement as "first, [defendant] will [not] ask any illegal

24   work from plaintiff; and second, he will pay plaintiff after every six months." The amended

25   complaint asserts that defendant was "very verbally abusive to Americans, plaintiff's national

26   origin," and plaintiff was terminated from his employment "because of plaintiff's national origin

1

1  and in retaliation for not doing stated illegal work . . . without any payment for his services."

2        The First Amended Complaint states a cognizable claim under Title VII of the

3  Civil Rights Act of 1964, which applies both to private employers, 42 U.S.C. § 2000e-5(a), and

4  to acts of discrimination based, inter alia, on "national origin," 42 U.S.C. §§ 2000e-2 and 2000e-

5  3. The complaint therefore establishes this court's civil rights jurisdiction under 28 U.S.C. §

6  1343(c) and federal question jurisdiction under 28 U.S.C. § 1331; plaintiff's pendant state claim

7  for breach of contract may be considered pursuant to 28 U.S.C. § 1367.

8        Accordingly, IT IS ORDERED that:

9        1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is

10  directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ.

11  P. 4, including a copy of this court's status order, without prepayment of costs.

12        2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons,

13  a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this

14  court's status order.

15        3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date

16  this order is filed, all information needed by the Marshal to effect service of process. The court

17  anticipates that, to effect service, the U.S. Marshal will require at least:

18        a. One completed summons;

19        b. One completed USM-285 form for each defendant;

20        c. A copy of the endorsed filed amended complaint for each defendant,

21        with an extra copy for the U.S. Marshal; and

22        d. A copy of this court's status order for each defendant.

23        4. In the event the U.S. Marshal is unable, for any reason whatsoever, to

24  effectuate service on any defendant within 90 days from the date of this order, the Marshal is

25  directed to report that fact, and the reasons for it, to the undersigned.

26  \\\\\\

1            5.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

2  Marshal, 501 "I" Street, Sacramento, CA, 95814; Tel. No. (916) 930-2030.

3  DATED: 7/24/06

4                                          /s/ Gregory G. Hollows

5                                        GREGORY G. HOLLOWS
                                        U. S. MAGISTRATE JUDGE

6

7  NOW6:JONES.srve

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26